UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CLEAR SPRING PROPERTY AND
CASUALTY COMPANY,

      Plaintiff,

v.                                      Case No. 8:22-cv-02708-TPB-SPF

TODD SMRKE,

      Defendant.
_____/

**REPORT AND RECOMMENDATION**

Plaintiff's Motion for Default Judgment (Doc. 16) is before the Court. For the reasons set forth herein, it is recommended that the motion be GRANTED.

**I.    BACKGROUND**

Plaintiff Clear Spring Property and Casualty Company insured Defendant Todd Smrke's 1978 53' Hatteras, hull identification no. HATBJ3030178, M/V "Mad Hatteras" (the "Vessel") under a Private and Pleasure Yacht Insuring Agreement, policy no. CSRYP/207870 (the "Policy"), effective December 2, 2021 to December 2, 2022 (Doc. 1, ¶ 12; Doc. 6-1). The Policy contains the following provisions that are relevant to this action:

**9. General Conditions and Warranties**

[. . .]

k. If the Scheduled Vessel is fitted with fire extinguishing equipment, then it is warranted that such equipment is properly installed and is maintained in good working order. This includes the weighing of tanks once a year, certification/tagging and recharging as necessary.

[. . .]

> m. This contract is null and void in the event of non-disclosure or misrepresentation of a fact or circumstances material to our acceptance or continuance of this insurance. No action or inaction by us shall be deemed a waiver of this provision.
>
> [. . .]
>
> r. Unless we agree in writing to the contrary, if we request a survey of the Scheduled Vessel then it is warranted that such survey is in existence prior to the effective date of this insurance and a copy of the same must be received by us within 30 days of the effective date of this agreement. If the survey makes any recommendations with respect to the Scheduled Vessel, then it is warranted that all such recommendations are completed prior to any loss giving rise to any claim hereunder, by skilled workmen using fit and proper materials and that either:
>
>> i. The surveyor who carried out the survey certifies in writing that all recommendations have been completed to his (the surveyor's) satisfaction prior to any loss and/or claim
>
> Or,
>
>> ii. The workmen/repair yard that carried out the said work and/or recommendations certifies in writing that all recommendations have been completed prior to any loss and/or claim. Failure to comply with this warranty will void this agreement from inception.
>
> [. . .]
>
> t. Where any term herein is referred to as a 'warranty' or where any reference is made herein to the word 'warranted', the term shall be deemed a warranty and regardless of whether the same expressly provides that any breach will void this insuring agreement from inception, it is hereby agreed that any such breach will void this policy from inception.

(Doc. 6-1 at 13–14). The Policy also provides that "any dispute arising hereunder shall be adjudicated according to . . . substantive United States Federal Admiralty law and practice but where no such . . . precedent exists, this insuring agreement is subject to the substantive laws of the State of New York." (*Id.* at 16).

Consistent with the General Conditions and Warranties, subsection r., Defendant submitted a survey to Plaintiff with his application for insurance. The survey identified forty-

four items that needed to be addressed by Defendant (Doc. 1, ¶¶ 33–34; Doc. 6-2 at 13–14). Defendant also submitted a letter of compliance, indicating that only four of the forty-four survey items remained outstanding (Doc. 1, ¶ 34; Doc. 6-3). Later, on December 30, 2021, Defendant submitted a second letter of compliance to Plaintiff indicating that he had complied with all recommendations in the survey (Doc. 1, ¶ 35; Doc. 6-4).

Defendant's Vessel suffered two losses in September 2022—the first involved a significant accumulation of water inside the Vessel on or about September 7, 2022, and the second loss involved further damage following Hurricane Ian in Port Charlotte, Florida on September 28, 2022 (Doc. 1, ¶¶ 9–11). Defendant made claims for coverage for each of these losses under the Policy (*Id.*). While investigating the losses, Plaintiff discovered that the Vessel's fire suppression system had not been weighed, certified, tagged, and recharged within the past twelve months, as required by the General Conditions and Warranties, subsection k. of the Policy (*Id.*, ¶¶ 23–26). Plaintiff also discovered that at least thirteen of the forty-four survey recommendations had not been complied with and thus, the representations contained in Defendant's letters of compliance were false (*Id.*, ¶¶ 36–37).

On November 2, 2022, Plaintiff filed its Complaint against Defendant seeking a declaratory judgment that Defendant breached the Policy, and as a result, the Policy is void from its inception (Doc. 1). Specifically, Plaintiff's Complaint brings four counts: (I) Breach of Fire Suppression Warranty; (II) Breach of Survey Compliance Warranty; (III) *Ubberrimae Fidei* (Breach of the Duty of Utmost Good Faith); and (IV) Breach of General Condition M. Plaintiff served Defendant with the Summons and Complaint on March 30, 2023 (Doc. 13). After Defendant failed to file a responsive pleading, Plaintiff filed a Motion for Entry of

Clerk's Default on May 1, 2023 (Doc. 14), which the Clerk entered the next day (Doc. 15). Plaintiff now seeks a final default judgment.[1]

## II.   STANDARD OF REVIEW

Rule 55(a) of the Federal Rules of Civil Procedure states that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Once this has occurred, "the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2).  A court may enter a default judgment against a party who has failed to respond to a complaint if the complaint provides a sufficient basis for the judgment. *See Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015).  "A defendant, by [its] default, admits the plaintiff's well-pleaded allegations of fact" set forth in the operative complaint. *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009) (quotation omitted).  If well-pleaded, liability is established by virtue of a default.  *See Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987).

Damages, however, are not admitted by default. *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999).  "If, to enter or effectuate judgment, it is necessary to conduct an accounting to determine damages, the court may conduct hearings or make referrals as it deems necessary.  Fed. R. Civ. P. 55(b)(2).  Damages may be awarded "without a hearing [if the] amount claimed is a liquidated sum or one capable of mathematical calculation," as long as "all essential evidence is already of record." *S.E.C. v. Smyth*, 420 F.3d 1225, 1231, 1232, 1233 n.13 (11th Cir. 2005) (quoting *Adolph Coors Co. v. Movement Against*

---

[1] Plaintiff has declared that Defendant is neither a minor nor incompetent to proceed (Doc. 16).  In addition, Plaintiff has filed a declaration stating that Defendant is not in the military service and shown necessary facts in support, as required by 50 U.S.C. § 3931 (Doc. 18).

4

*Racism & the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985)); *see also Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997) (a hearing is unnecessary if sufficient evidence is submitted to support the request for damages).

### III.    DISCUSSION

#### A.    Liability

##### 1.    Count I: Breach of Fire Suppression Warranty

First, Plaintiff's Complaint has alleged sufficient facts that, when taken as true, establish that Defendant breached the fire suppression warranty. As set forth above, Defendant warranted in the Policy that fire extinguishing equipment would be "properly installed and [] maintained in good working order," including "the weighing of tanks once a year, certification/tagging and recharging as necessary." (Doc. 6-1, ¶ 9.k.). Therefore, Defendant breached the Policy by failing to have the Vessel's fire suppression system weighed, certified, tagged, and recharged within the past twelve (12) months. *See Clear Spring Prop. & Cas. Co. v. Viking Power LLC*, No. 21-62306-CIV, 2022 WL 17987116 (S.D Fla. Sept. 8, 2022) (entering summary judgment in favor of plaintiff on breach of fire suppression warranty charge).

##### 2.    Count II: Breach of Survey Compliance Warranty

Plaintiff's Complaint also alleges sufficient facts that, when taken as true, establish the elements of breach of a maritime contract with respect to the survey compliance warranty. As set forth above, Defendant warranted in the Policy that, if Plaintiff requests a survey, and if "the survey makes any recommendations with respect to the Scheduled Vessel," then "all such recommendations are completed prior to any loss giving rise to any claim" under the Policy (Doc. 6-1, ¶ 9.r.). Thus, Defendant breached the Policy by failing to comply with all

5

recommendations detailed in the survey. As set forth above, Plaintiff's investigation revealed that, contrary to Defendant's letters of compliance, at least thirteen of the survey recommendations remained outstanding (Doc. 1, ¶¶ 36–37).

### 3. Count III: *Uberrimae Fidei*

The federal maritime doctrine of *uberrimae fidei* "requires that an insured fully and voluntarily disclose to the insurer all facts material to a calculation of the insurance risk." *HIH Marine Servs., Inc. v. Fraser*, 211 F.3d 1359, 1362 (11th Cir. 2000). *Uberrimae fidei* requires the highest degree of good faith for those entering a marine insurance contract because the insurer often lacks practicable means of checking on the accuracy or sufficiency of the furnished facts before the risk is accepted and the premium and conditions set. *Id.* (quoting G. Gilmore & C. Black, *The Law of Admiralty* 62 (2d ed. 1975)). Here, Plaintiff has shown that that Defendant violated the principle of *uberrimae fidei* by falsely asserting that he complied with all recommendations detailed in Plaintiff's survey.

### 4. Count IV: Breach of General Condition M.

Finally, Plaintiff alleges that Defendant breached the General Conditions and Warranties, subsection m., of the Policy, which provides that, "in the event of non-disclosure or misrepresentation of fact or circumstances material to [Plaintiff's] acceptance or continuance of the insurance," the contract is void (Doc 6-1 at 13). Here, Plaintiff has shown that Defendant breached this provision when he misrepresented, through his letters of compliance, that he had complied with all recommendations detailed in the survey.

### B. Remedy

With liability established, the Court turns to Plaintiff's damages. Although default judgment on liability accepts well-pleaded allegations as true, allegations regarding damages

are not automatically accepted. *Miller*, 75 F.Supp.2d at 1346; *see also Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003) ("A court has an obligation to assure that there is a legitimate basis for any damage award it enters."). Here, Plaintiff's Complaint does not seek monetary damages against Defendant.[2] Instead, Plaintiff seeks a declaration that, as a result of Defendant's breaches, the Policy is void from its inception, and there is no coverage for Defendant's claims. As set forth above, Plaintiff has adequately alleged that Defendant breached the Policy and violated the doctrine of *uberrimae fidei*.

Plaintiff has established that it is entitled to a declaration that the Policy is void. First, New York law, which applies here given the lack of a federal maritime rule governing the breaches at issue,[3] provides that a breach of express warranties in maritime contracts results in coverage being forfeited. *See Travelers Prop. Cas. Co. of Am. v. Ocean Reef Charters LLC*, 71 F.4th 894, 897 (11th Cir. 2023) ("Under New York state law, an insured forfeits coverage by violating a marine insurance warranty, regardless of whether the violation had any effect on the accident."); *see also Com. Union Ins. Co. v. Flagship Marine Servs., Inc.*, 190 F.3d 26, 31–32 (2d Cir. 1999) (discussing how, "[u]nder . . . the law of most states," including New York, "warranties in maritime insurance contracts must be strictly complied with, even if they are collateral to the primary risk that is the subject of the contract, if the insured is to recover" (citing N.Y. Ins. L. § 3106(c))).

---

[2] As a result, an evidentiary hearing on the issue of damages in not necessary in this case.

[3] *See Travelers Prop. Cas. Co. of Am. v. Ocean Reef Charters LLC*, 996 F.3d 1161, 1164–65 (11th Cir. 2021) (explaining that there is no established federal maritime rule "requiring strict fulfillment of marine insurance warranties," and that such situations require the application of state law) (discussing *Wilburn Boat Co. v. Firearm's Fund Ins. Co.*, 348 U.S. 310, 316 (1955)).

Moreover, as set forth above, the Policy itself provides that it must be treated as void from its inception if Defendant breached a warranty (Doc. 6-1, ¶ 9.t.). Finally, under the doctrine of *uberrimae fidei*, "a material misrepresentation on an application for marine insurance is grounds for voiding the policy." *HIH Marine Servs.*, 211 F.3d at 1363; *see also Steelmet, Inc. v. Caribe Towing Corp.*, 747 F.2d 689, 695 (11th Cir. 1984) (a misrepresentation, even if resulting from "mistake, accident, or forgetfulness, is attended with the rigorous consequences that the policy never attaches and is void") (quotations omitted). As a result, Plaintiff has established that it is entitled to a declaration that the Policy is void.

## IV.   CONCLUSION

Accordingly, it is hereby **RECOMMENDED**:

1. Plaintiff's Motion for Default Judgment (Doc. 16) be GRANTED.

2. The Court direct the Clerk to enter a final default judgment for Plaintiff on Counts I, II, III, and IV.

3. The Court direct the Clerk to close the case.

**IT IS SO REPORTED** in Tampa, Florida, on October 17, 2023.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to the proposed findings and recommendations or request an extension of time to do so. 28 U.S.C. § 636(b)(1); 11th

Cir. R. 3-1.  Failure of any party to timely object in accordance with the provisions of § 636(b)(1) waives that party's right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions contained in this Report and Recommendation.  11th Cir. R. 3-1.